NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JUAN CARLOS BAUTISTA LOPEZ,<br><br>     Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 23-554<br><br>Agency No.<br>A205-143-214<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2024
Phoenix, Arizona

Before: BERZON, HURWITZ, and JOHNSTONE, Circuit Judges.

Juan Carlos Bautista Lopez, a native and citizen of Mexico, seeks review of

an order from the Board of Immigration Appeals ("BIA") dismissing his appeal of

an order from an Immigration Judge ("IJ") denying his applications for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 8 U.S.C. § 1252. "Where the BIA conducts its own review of the evidence and law . . . , our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). However, where the BIA "expresse[s] agreement with the reasoning of the IJ," we review both decisions. *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Id.* We deny the petition.

1.  The BIA did not rely on or apply an incorrect legal standard in determining whether Bautista Lopez suffered past persecution. While the IJ used the term "compel" in her written decision, the BIA, reviewing de novo, *see Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995), correctly determined that Bautista Lopez was required to show that it was "more likely than not that he . . . would be persecuted on account of" a protected ground, 8 C.F.R. § 1208.16(b)(2). "Any error committed by the IJ [was] rendered harmless by the [BIA's] application of the correct legal standard." *Ghaly* 58 F.3d at 1430 (citing *Elnager v. INS*, 930 F.2d 784, 787 (9th Cir. 1991)).

2.  Substantial evidence supports the BIA's determination that Bautista Lopez failed to demonstrate that the harms he suffered in Mexico rose to the level

of past persecution.[1] *See* 8 C.F.R. § 1208.16(b); *see also Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (stating that it is petitioners' burden to establish past persecution); *Sharma v. Garland*, 9 F.4th 1052, 1061–63 (9th Cir. 2021) (identifying several non-exhaustive factors relevant to our review of the past persecution determination).

The "key question" we must consider is whether the "cumulative effect" of a petitioner's harm "rises to the level of persecution." *Sharma*, 9 F.4th at 1061 (quoting *Gormley v. Ashcroft*, 364 F.3d 1172, 1176–77 (9th Cir. 2004)). "Persecution . . . is an extreme concept that means something considerably more than discrimination or harassment." *Id.* at 1060 (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)).

Bautista Lopez experienced mistreatment and bullying as a child due to his sexual orientation, including when a group waited for Bautista Lopez after school and threatened him with a knife. There is no indication that these individuals continued harassing him into adulthood, and Bautista Lopez did not present evidence that these incidents, while quite troubling, caused him significant harm. Bautista Lopez also suffered a beating as a young adult that required stitches. But Bautista Lopez did not know his attacker, his attacker did not show a continuing

---

[1] The parties agree that substantial evidence review applies to the BIA's conclusion that the harm Bautista Lopez suffered did not rise to the level of persecution. Accordingly, we apply it here.

interest in him, and he remained in Mexico without incident for several months after the confrontation. *Compare Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (holding that unfulfilled threats and mistreatment along with a single unaffiliated beating did not compel a finding of persecution) *with Fon v. Garland*, 34 F.4th 810, 814 (9th Cir. 2022) (finding past persecution where attackers stabbed petitioner, threatened petitioner's life, and continued to pursue petitioner well after the stabbing).

Thus, considering the cumulative effects of the harm Bautista Lopez suffered, the record does not *compel* a determination that Bautista Lopez demonstrated past persecution. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).

3. Bautista Lopez does not challenge the BIA's determination that he failed to establish a likelihood of torture by or with the consent or acquiescence of the Mexican government, and he has thus forfeited the argument. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022). Because Bautista Lopez must have shown a clear probability of torture by or with the consent or acquiescence of the Mexican government to be eligible for protection under the CAT, *see* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1), this forfeiture precludes his claims concerning the denial of CAT protection. *See Rodriguez-Zuniga*, 69 F.4th at 1023–24.

**PETITION DENIED**.